United States District Court
Eastern District of New York
----------------------------------------------------------------x
Trustees of Empire State Carpenters Annuity, Apprenticeship,
Labor-Management Cooperation, Pension and Welfare Funds,

                              Petitioners,

    -against-

Amendola Contracting, Inc.,

                              Respondent.
----------------------------------------------------------------x

ORDER
15-cv-4034(ADS)(GRB)

## APPEARANCES:

**Virginia & Ambinder, LLP**
*Attorneys for the Petitioners*
40 Broad Street, 7th Floor
New York, NY 10004
    By:    Charles R. Virginia, Esq.
             Elina Burke, Esq.
             Nicole Marimon, Esq., Of Counsel

## NO APPEARANCES:

**Amendola Contracting, Inc.**
*Respondent*

SPATT, District Judge:

On July 9, 2015, the Petitioners Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Funds") commenced this action by filing a petition against the Respondent Amendola Contracting, Inc. ("Amendola") under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, seeking to confirm and enforce an arbitrator's award rendered pursuant to a collective bargaining agreement.

1

On September 8, 2015, counsel for the Funds filed a letter addressed to the Court stating that Amendola had been served with process on July 14, 2015, but to date, had neither filed an answer nor otherwise appeared in this action. No request was made of the Clerk of the Court to note Amendola's default; nor did the Funds file a formal motion for summary judgment or entry of a default judgment. Rather, counsel requested that the Court deem the underlying petition unopposed.

On September 15, 2015, this Court referred the matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether, under those circumstances, the petition should be granted, and if so, the relief to be granted.

On June 23, 2016, Judge Brown issued a Report and Recommendation ("R&R"), observing that:

> Since a petition to confirm an arbitration award is generally accompanied by a record, the Second Circuit has instructed that the court treat an unanswered petition "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair [& Co. v. Gottdiener]* 462 F.3d [95] 109-10 [2d Cir. 2006]. Thus, the court may decide the merits of a petition to confirm an arbitration award based solely on the petition and accompanying submissions. *Id.*

Applying these principles, the court found that the Petitioners' submission in this case adequately established that no genuine issue of material fact sufficient to defeat summary judgment existed, and thus recommended that all portions of the arbitrator's award in question be confirmed.

As to damages, Judge Brown found that the Petitioners had established $34,710.33 in principal damages; $607.50 in attorneys' fees; and $400 in costs. Accordingly, the court recommended that a total amount of $35,717.83 be awarded.

On June 24, 2016, counsel for the Petitioners served a copy of the R&R upon the Respondent.

More than fourteen days have elapsed since service of the R&R on the Respondent, who has failed to file an objection.

Thus, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the June 23, 2016 Report and Recommendation is adopted in its entirety, and the Petitioners' petition to confirm and enforce the arbitrator's award is granted. The Clerk of the Court is respectfully directed to enter judgment in favor of the Petitioners in the amount of $35,717.83, and to close this case.

It is **SO ORDERED**.

Dated: Central Islip, New York
July 14, 2016

s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge